IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 10-CV-837 |
| | ) | |
| ALDI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTIONS IN LIMINE OF DEFENDANT ALDI, INC.**

COMES NOW Defendant ALDI, Inc., by and through its counsel of records, and for its Motions in Limine states as follows **(Sections III, VII, XI and XII have been revised; Sections XIII and XIV are new)**:

1.   This is a premises liability case.

2.   Defendant respectfully requests the Court enter an Order prohibiting Plaintiff, his attorneys, or any witnesses from commenting on or referring to, or introducing into evidence any of the following matters whatsoever, whether it be during jury selection, opening statements, trial, and/or closing arguments.

I.   **PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF SETTLEMENT NEGOTIATIONS**

3.   Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his witnesses from referring to or offering evidence that the parties have engaged in mediation or any other pre-trial settlement negotiations with respect to Plaintiff's claim. *Harmon v. Hamilton*, 903 S.W.2d 610 (Mo. App. 1995) and also, *Holtmeier v. Dayani*, 862 S.W.2d 391 (Mo. App. 1993).

## II. PLAINTIFF'S EXPERT WITNESSES SHOULD BE PRECLUDED FROM OFFERING NEW AND DIFFERENT OPINIONS FROM THOSE EXPRESSED PREVIOUSLY

4. The rules and case law in Missouri establish a principle that when an expert has been deposed and later changes his opinions before a trial or bases that opinion on new or additional facts from those previously disclosed, it is the duty of the party intending to use the expert witness to disclose that new information in order to update the responses made by the witness in the deposition. *Gassen v. Woy*, 785 S.W.2d 601, 609 (Mo. App. W.D. 1990).

5. Defendant requests that the Court prohibit Plaintiff's expert witnesses from introducing, commenting upon, or otherwise testifying to opinions different from those previously disclosed. See, *Gassen, supra.* See also, *Green v. Fleishman*, 882 S.W.2d 219 (Mo. App. W.D. 1994); *Cooper v. Ketcherside*, 907 S.W.2d 251, 259 (Mo. App. W.D. 1995); *Whitted v. HealthLine Management, Inc.*, 90 S.W.3d 470, 475-79 (Mo. App. E.D. 2002).

6. In the event that Plaintiff's expert witnesses have formulated new or different opinions that will be expressed for the first time at trial, Defendant requests that this Court prohibit the expert witnesses from testifying to any additional opinions or changes in their previous opinions. *Stallings v. Washington University,* 794 S.W.2d 264, 273 (Mo. App. E.D. 1990).

7. Failure to limit Plaintiff's expert witnesses in this regard would result in undue prejudice and unfair surprise for this Defendant.

## III. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EXPERT OPINIONS FROM EXPERTS NOT DISCLOSED

8. Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his witnesses from offering testimony or evidence from any expert witness who has not previously been disclosed in Plaintiff's Rule 26 Disclosures or in response to Defendant's

Interrogatory No. 6.  To allow testimony of experts not previously disclosed would result in undue prejudice and unfair surprise for this Defendant.

9. The deadline for Plaintiff to disclose experts was June 29, 2012 (see doc. 90).  To date, Plaintiff has not filed a Rule 26(a)(2) disclosure of any expert witness.  Plaintiff answered Defendant's interrogatory No. 6 regarding experts plaintiff would call in September, 2010, by referencing generally "treating physicians and health care providers listed above and in paragraph 10", referring to Plaintiff's answers to Interrogatories 6 and 10 which listed 4 physicians and 6 other health care providers.  The answer to interrogatory 6 stated generally that the witnesses "may be expected to testify plaintiff's injury was caused by the accident in question, the treatment was reasonable and necessary, the full charges are usual and customary, the condition is permanent, the restrictions are reasonable and the injury was and will be painful and disabling."

10. As indicated above, despite the new deadlines presented in the Amended Case Management Order (see doc. 90), no Rule 26(a)(2) disclosure was ever subsequently filed by Plaintiff specifically identifying which expert physician(s) or health care provider(s) would testify, or identifying the facts and opinions to which the particular expert would testify, nor were any expert reports ever produced.  Prior to the June 29, 2012 deadline, Defendant has inquired as to whether Plaintiff intended to identify any experts pursuant to Rule 26(a)(2).  Rather than address Defendant's concerns, Plaintiff repeatedly responded that Dr. Miller is a treater and thus is not a retained Rule 26 expert.

11. Under Rule 26 of the Federal Rules of Civil Procedure, expert disclosures are required as follows, in relevant part:

(2) *Disclosure of Expert Testimony.*

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
> *(D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Again, Plaintiff provided no expert disclosure as required under Rule 26, and no reports were provided. In *Brooks v Union Pacific R. Co.*, 620 F.3d 896 (8th Cir. 2010), the plaintiff did not disclose his treating physicians as experts under Rule 26. The defendant moved for summary judgment due to the lack of evidence to prove causation. In affirming the grant of summary judgment, the 8th Circuit held that a treating physician's expert opinions on causation are subject to the same standards of scientific reliability that govern expert opinions of physicians hired solely for purposes of litigation. *Brooks v Union Pacific R. Co.*, 620 F.3d at 900. The same requirements of disclosure for the expert's opinions applied to those opinions as for any other expert. *Id.* Hence, the failure to provide a report as required by the Rules or to specifically list the treating physician as an expert left the plaintiff without an expert to testify as to causation and summary judgment was appropriate. *Id*.

12. The present matter is nearly on all fours with *Brooks*. Plaintiff never listed any experts in this matter and merely stated he would use "treating physicians". He provided absolutely no reports of any experts. As such, he has no experts to testify as to causation in this matter and his matter cannot properly go to trial as there is nobody to testify to link up his injury with his claimed damages.

**IV.    PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF LIABILITY INSURANCE**

13.    Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his witnesses from referring to or offering evidence that Defendant has any type of indemnity or liability insurance or insurance coverage of any sort or any statement which would reasonably be calculated to inform or infer to the jury that Defendant is or may be protected by insurance in this case. *Means v. Sears Roebuck & Company*, 550 S.W.2d 780 (Mo. 1977); *Hulsey v. Schulze*, 713 S.W.2d 873 (Mo. App. E.D. 1986).

**V.    PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF ANY INDEMNITY AGREEMENT BETWEEN ALDI AND S&H TRANSPORTATION AND THAT S&H HAS LIABILITY INSURANCE**

14.    Defendant anticipates that Plaintiff will attempt to elicit testimony or introduce evidence that there was an indemnity agreement between S&H Transportation and ALDI and/or that S&H Transportation has liability insurance.  This is the subject of a declaratory judgment action currently pending in the District Court for the Eastern District of Missouri styled *Great West Casualty Co. v. ALDI, Inc.*, Cause No. 4:12-CV-00077.  Any such testimony is irrelevant, immaterial and of no probative value.  The introduction of such evidence will give the jury a roving commission to determine its significance.  The introduction of such testimony or evidence would be prejudicial to Defendant. *Means v. Sears Roebuck & Company*, 550 S.W.2d 780 (Mo. 1977); *Hulsey v. Schulze*, 713 S.W.2d 873 (Mo. App. E.D. 1986).

**VI.    PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF OR SUBMITTING ON ANY THEORY OF RECOVERY NOT PLEADED IN PLAINTIFF'S PETITION**

15.    Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his witnesses from referring to or offering evidence of or submitting on any theory of recovery

not pleaded in Plaintiff's Petition. Any attempt or effort to offer evidence, make reference or make arguments in support of a theory not pleaded would prejudice this Defendant.

### VII. PLAINTIFF AND HIS LAY WITNESSES SHOULD BE PRECLUDED FROM OFFERING ANY EXPERT MEDICAL OR VOCATIONAL OPINIONS

16. Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his lay witnesses from referring to or offering any expert medical conclusions. Plaintiff and his lay witnesses should be precluded from offering any medical expert opinions. Plaintiff and his lay witnesses are not qualified to render expert medical or vocational conclusions. Moreover, Plaintiff has not disclosed any other expert witness other than those set forth in his Rule 26 Disclosures and answer to Interrogatory No. 6. Finally, for Plaintiff to give opinions about his medical condition, anticipated future pain, future treatment, extent of his disability and unemployability are all ultimate conclusions, invade the province of the jury, and require expert testimony which Plaintiff does not have.

### VIII. PLAINTIFF'S FACT WITNESSES SHOULD BE PRECLUDED FROM THE COURTROOM UNTIL THEY ARE CALLED TO TESTIFY

17. Defendant moves in limine for an Order prohibiting Plaintiff's fact witnesses from being present in the courtroom until they are called to testify. See *Grab, ex rel. Grab v. Dillon*, 103 S.W.3d 228, 236 (Mo. App. E.D. 2003). Failure to prohibit Plaintiff's fact witnesses from the courtroom until they are called to testify could result in new testimony, undue prejudice, and unfair surprise for this Defendant.

### IX. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF OTHER INCIDENTS OR LAWSUITS AGAINST DEFENDANT

18. Any evidence, testimony, or argument regarding any other suits against this Defendant charging negligent medical treatment should be excluded. The Court should exclude any evidence, testimony, or argument regarding any other lawsuits against Defendant, any ALDI

affiliated company, or any of its agents or employees. Suits relating to incidents prior to or subsequent to those charged in this action should be excluded, because any probative value they might have is outweighed by their potential for confusion and prejudice. Evidence of prior suits against Defendant would direct the attention of the jury to the merits of those suits and confuse their understanding of the facts and issues in this litigation. Such an offer is incomplete, unfocused, and collateral, and does not tend to support or establish a fact and issue between the parties. McIllroy v. Hamilton, 539 S.W.2d 669, 676 (Mo.App. E.D. 1976). Suits relating to incidents prior to or subsequent to those charged in this action should be excluded because any probative value they might have is outweighed by their potential for confusion and prejudice. *Barr v. Plastic Surgery Consultants*, 760 S.W.2d 585, 587 (Mo. App. E.D. 1988). Evidence of prior suits against this Defendant would direct the attention of the jury to the merits of those suits and confuse their understanding of the facts and issues in this litigation.

### X. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF SPECIAL DAMAGES THAT HAVE NOT BEEN DISCLOSED IN DISCOVERY

19. Defendant moves in limine for an Order prohibiting Plaintiff, Plaintiff's attorney, or any of Plaintiff's witnesses from referring to or offering evidence of economic damages that have not been disclosed in discovery with sufficient specificity to allow Defendant to cross-examine Plaintiff or Plaintiff's witnesses on said elements of damage. Allowing such damages testimony would constitute unfair surprise to this Defendant and the probative value of such evidence is far outweighed by its prejudicial effect on this Defendant.

### XI. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF HIS BEING ADJUDGED DISABLED BY THE SOCIAL SECURITY ADMINISTRATION

20. Defendant anticipates that Plaintiff will attempt to present evidence or elicit testimony concerning the fact he has applied for Social Security benefits and/or has been

adjudged disabled by Social Security Administration. Such testimony is irrelevant and invades the province of the jury. Allowing evidence of an administrative body's finding would be severely prejudicial to Defendant. Social Security determinations are made by administrative law judges who are not medical experts, that treating doctors usually do not testify and are not subject to cross-examination and that the determinations are, therefore, not sufficiently reliable. Larsen v. Decker, 985 P.2d 281 (Arizona App. 2000).

21.     The standard for the Social Security Administration to determine disability is different than plaintiff's burden of proof in this civil case. Furthermore, the rating was determined solely on what plaintiff submitted, and this also lessens the reliability of the information. This lack of reliability makes them unsworn hearsay and incompetent proof. Id.; Jones v. Miller, M.D., 264 SW 2nd 154 (Texas App. 1998). Defendant was not a party to the administrative proceedings, and the Doctrine of Collateral Estoppel would, therefore, be inapplicable. Matthews v. New Jersey Manufacturers Insurance Company, 2007 W.L. 4552101 (December 28, 2007).

22.     One of the anticipated disputes in this lawsuit is the nature and extent of any current disability of Plaintiff, and the jury must decide that issue. Allowing evidence of an administrative body's finding would be severely prejudicial to Defendant. See Hall vs. Western Production Company, 988 F.2d 1051 (10th Cir. 1993) (report from the Wyoming Fair Employment Commission finding no age discrimination had taken place was properly excluded in employee's suit alleging age discrimination); Martin v. Cavalier Hotel Corporation, 48 F.3d 1343, 1357-1358 (4th Cir. 1995)(probative value of report prepared by Virginia Employment Commission determining whether plaintiff entitled to unemployment benefits substantially outweighed by the prejudice of the report because the opinion was deciding the exact issue that

had been put before the jury, therefore, making it likely the jury would place undo weight upon the evidence).

23.     Defendant anticipates that Plaintiff will argue that Defendant's expert "relied" on the Social Security Disability Award in rendering its opinion, and further, that the unpublished case of *Soliday v. 7-11, Inc.*, 2011 W.L 1519670 (M.D. Fla. 2011) applies.  This Court should reject Plaintiff's arguments.

24.     First, a perusal of Defendant's expert report clearly indicates that the Social Security records were not "relied" upon by Defendant's expert in rendering his opinions.  The Social Security records were part of the file provided to Defendant's expert so that he would have a complete record.  In his report, he references the fact that Plaintiff had filed for Social Security Disability. He then notes that the medical evidence did not support claims of the Plaintiff that his knee pain and diabetes were disabling, but that he had turned the age of 50.  The diagnosis did not qualify him for benefits.  This is hardly "relying" on material to support an opinion.  Instead, it is merely background information and, indeed, appears in the "background information" section of the expert's report. This does not make the fact Plaintiff filed for Social Security Disability or the results of that determination admissible.

25.     Indeed, a perusal of the report provides ample other reasons for why the Social Security Disability Determination would not be admissible.  The background information section of the report shows that Plaintiff has a long term medical history with prior injuries and complaint of pain.  Defendant's expert notes on page 24 that Mr. Phillips had pre-existing medical concerns including diabetes, and osteoarthritic changes in his right shoulder.  These would have played into the determination that he was disabled; however, they have nothing to do with the accident in this matter and were clearly not caused by this accident.  Hence, the

determination of disability is based upon factors unrelated to the accident. Telling the jury Plaintiff is disabled would, hence, mislead the jury as there were elements included in the determination of disability that had nothing to do with the injuries sustained in this accident.

26.     Even if there was some way of arguing that the Social Security Administration report was somehow "relied" upon by Defendant's expert, Federal Rule of Evidence Rule 703 clearly states that facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.  In effect, this combines Rule 403 with Rule 703 to ensure that prejudicial evidence which would not otherwise be admissible cannot be bootstrapped into admissibility by claiming that an expert is relying upon it.

27.     Nor does the *Soliday* case help the Plaintiff.  The *Soliday* case is an A.D.A case. In *Soliday*, the Court noted that an individual has to be qualified for a job before he can collect damages under the ADA.  The determination of whether a plaintiff is an individual qualified considers whether the individual can satisfy the prerequisites for the position and whether they can perform the essential functions of the job either with or without reasonable accommodation. *Saliday*, slip. op at 1.  If a person is unable to perform a central function of the job, even with an accommodation, they are not qualified.  *Id.*  The court noted that the United States Supreme Court has held that while receiving Social Security Disability insurance benefits does not automatically estop a plaintiff from claiming discrimination under the ADA, it does, however, require that the plaintiff explain the inconsistency between his prior claim that he was totally disabled and his current claim that he was a qualified individual who could perform the work

with or without an accommodation. *Soliday* slip op. at 1-2. The Social Security Disability information was, therefore, relevant.

28. The distinction in *Soliday* from the present matter is easy to see. In *Soliday*, the plaintiff was claiming that he was able to perform the relevant job duties, but was discriminated against despite a disability. At the same time, he had filed sworn documents indicating that he was disabled and could not work and participated as a party in an action making that determination. The fact that he had filed these inconsistent claims was certainly relevant and admissible.

29. The present matter, however, does not involve the same situation. Defendant herein was not a party to the Social Security Administration Determination. In fact, Defendant had nothing to do with that hearing. Principles of estoppel would not, therefore, apply. Further, there are no inherent inconsistencies between the Plaintiff claiming he is disabled in the present matter and the Defendant challenging that claim. Hence, while the Social Security Disability Determination was not relevant to impeach the Plaintiff in *Soliday*, there is no similar relevance in the present matter. Instead, the Social Security Disability Determination is no different than it was in the cases cited by the Defendant in its Motions in Limine. Nor is it any different than the determinations of discrimination set forth in the cases of *Hall v. Western Production Co.*, 988 F.2d 1051 (10th Cir. 1993) and *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1357, 1358 (4th Cir. 1995). The materials are not relevant and would be inherently prejudicial and, therefore, this Court should not permit any testimony regarding the filing for Social Security Disability or the Determination.

### XII. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF APRIL 7, 2011 REPORT OF ROBERT POETZ, D.O.

30. Defendant anticipates that Plaintiff will attempt to introduce April 7, 2011 report of Dr. Robert Poetz, to whom Plaintiff was sent by Plaintiff's attorney for evaluation for purposes of his workers' compensation claim arising out of the same incident that gives rise to this lawsuit.  Dr. Poetz has not been endorsed as an expert witness in Plaintiff's Rule 26 Disclosures or his answer to Plaintiff's Interrogatory No. 6 concerning expert witnesses. Furthermore, the letter from the Plaintiff's evaluating physician to Plaintiff's attorney is not a qualified business record under Missouri law, specifically Missouri Revised Statute Section 490.680.  See *Carmack v. Bi-State Development Agency*, 731 S.W.2d 518 (Mo. App. E.D. 1987). To the contrary, it is a self-serving statement.  *Thomas v. Fred Weber Contractor, Inc.*, 498 S.W.2d 811, 813 (Mo. App. 1973).  Finally, reading the letter would violate the Defendant's due process by offering the opinions and testimony of Dr. Poetz without the right to cross-examine the witness.

31. Defendant anticipates that Plaintiff will argue that the April 7, 2011 report of Dr. Poetz is admissible because it was in Defendant's expert's file and, therefore, was a report "relied upon" by Defendant's expert.  Again, there is nothing to indicate that Dr. Poetz's report was relied upon by Defendant's expert in rendering his opinions.  The report of Dr. Poetz was merely in Defendant's expert's file.  There is nothing to indicate that this renders the report admissible as evidence.  Indeed, Federal Rule 703 states that what is normally admissible are materials which are of a type reasonably relied upon by the expert in a particular field in forming opinions.  While Plaintiff cites cases stating this Rule, none of the cases Plaintiff cites indicate that materials which are merely in an expert's file which the expert does not rely on in formulating his opinion become admissible evidence merely based upon their presence in the

file. Because Defendant's expert did not rely on the report of Dr. Poetz, the report is not admissible and evidence on that basis.

### XIII. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF FUTURE PAIN, FUTURE TREATMENT AND/OR HIS UNEMPLOYABILITY

32. Defendant moves in limine for an Order prohibiting Plaintiff, his attorney, or any of his witnesses from offering testimony or evidence of Plaintiff's future pain, future treatment, and/or his unemployability as said opinions are ultimate conclusions, invade the province of the jury, and require expert testimony which Plaintiff does not have.

33. Plaintiff's only treating doctor who testified was Dr. Kline. Dr. Kline's deposition for trial was taken on May 1, 2012. On p. 34, line 23 through p. 35, line 22, Dr. Kline testified as follows:

Q   Okay.  So if Mr. Phillips tells us today that his shoulder hurts whenever he moves that arm, that would be expected, in your medical opinion?

MR. BOWGREN:  I'm going to object.  Calls for speculation.  Assume facts not in evidence.  Foundation.

A   The -- the whole point of doing a -- a reverse shoulder arthroplasty is to -- is to get rid of pain that he's having.  So I don't necessarily think that pain at this point would be normal nor expected.
Q   (By Mr. Wendler) Okay.  Because of the reverse shoulder replacement that Dr. Yamaguchi did?
A   Uh-huh.
Q   You have to say yes or no.
A   Yes.
Q   What about in the future, Doctor?  Can you tell us what Mr. Phillips can expect -- expect in terms of discomfort or pain with the use of that shoulder if he does not return to work as a truck driver and just --
A   I don't know what -- I don't know --

MR. BOWGREN:  Object real quick, Doctor.  Calls for speculation.  Foundation.

A   I don't know what -- I don't know what kind of pain he'll have in the future.  Pain is subjective.  And it's -- I really -- I really have no way of judging how much pain he'll have.

-13-

34. Plaintiff's treating physician, Dr. Kline, did not offer testimony that Plaintiff will need future treatment. His testimony about future pain discussed above was not sufficient to submit the issue to the jury. Plaintiff has not disclosed any expert witness to testify that future medical treatment will be necessary, or that Plaintiff will have future pain. Finally, Dr. Kline did not testify that Plaintiff is unemployable. Plaintiff has not established or disclosed any expert testimony that he will be unable to work in the future.

### XIV. PLAINTIFF SHOULD BE PROHIBITED FROM OFFERING TESTIMONY CONCERNING CONVERSATIONS WITH HIS DOCTORS AS TO HIS DIAGNOSIS, PROGNOSIS OR ABILITY TO WORK.

35. Defendant anticipates that the Plaintiff will attempt to introduce testimony regarding conversations he has had with his physicians concerning his diagnosis, statements from the doctors concerning his prognosis as well as statements from physicians regarding his continued ability to work. Such testimony should be prohibited.

36. The general rule in Missouri is that statements from physicians to a patient regarding the prognosis or diagnosis are hearsay and are inadmissible. See *Hackett v. St. Joseph Light & Power Company,* 761 S.W.2d 206 (Mo.App. 1988); *Hughes v. Prudential,* 179 S.W.2d 630 (Mo.App. 1944). Missouri Federal Courts have also recognized that such testimony is, generally, inadmissible. See *Wall v. Bascombe*, #09-0674-CV-W-FJG (W.D. Mo. January 4, 2011, slip op at 8).

37. Plaintiff claims that such testimony is admissible under the case of *Suchara v. St. Louis Public Service Company*, 410 S.W.2d 93 (Mo.App. 1966). However, *Suchara* does not state that a patient may testify regarding a diagnosis that has been provided by a doctor. Instead, in *Suchara*, the Plaintiff testified that he was told to have an x-ray of his neck and to receive therapy treatment. The Court stated that the evidence was admissible because it was not offered

-14-

as proof of the matter stated therein, but only for the purposes of establishing the course of medical attention Plaintiff received.  *Suchara*, 410 S.W.2d at 96.

38. Testimony regarding a diagnosis and prognosis, however, is quite distinguishable from that in *Suchara*.  In *Suchara,* the testimony was only offered to explain why the patient had gone to have an x-ray.  No diagnosis testimony was presented.  Testimony regarding a diagnosis or prognosis, however, is only offered to prove the matter asserted, rather than to explain subsequent conduct.  Thus, such testimony should not be admitted, as it is nothing more than hearsay.

39. The same is also true regarding any testimony that a physician told the Plaintiff that he could not work.  Again, the only purpose of such testimony is for the truth of the matter asserted rather than to explain subsequent conduct.  As such, such testimony would be hearsay and should not be admitted.

WHEREFORE, Defendant ALDI, Inc. respectfully prays this Honorable Court grant its Motions in Limine and prohibit the introduction into evidence of any comments or references by Plaintiff, his witnesses, and/or attorneys regarding the aforementioned matters, whether they be during jury selection, opening, trial, and/or closing, and for such other and further relief as this Court may deem just and proper.

      */s/ Jeffrey J. Brinker*
Jeffrey J. Brinker,     #30355MO
Brinker & Doyen, L.L.P.
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri  63105
314-863-6311
Fax:  314-863-8197
jbrinker@brinkerdoyen.com
mbowgren@brinkerdoyen.com
***Attorney for Defendant ALDI, Inc.***

-16-

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system and was sent via first-class United States mail, postage pre-paid, this 13th day of August, 2012, to the following:

Brian M. Wendler
Wendler Law, P.C.
900 Hillsboro, Suite 10
Edwardsville, IL 62025
618-692-0011
Fax:  618-692-0022
***Attorney for Plaintiff***

                                                        */s/ Jeffrey J. Brinker*