UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV837 TIA |
| ) | |
| ALDI, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Responses to Plaintiff's Supplemental Request for Production and Plaintiff's Supplemental Interrogatories (Docket No. 98) and Motion in Limine (Docket No. 110) and Defendant's Motions in Limine (Docket No. 117). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On August 22, 2012, this Court held a pretrial conference to hear arguments of the parties' motions. "The denial of a motion in limine does not generally preserve error for appellate review." Spencer v. Young, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result, this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." Olson v. Ford Motor Co., 481 F.3d 619, 629 (8th Cir. 2007).

**I.     Plaintiff's Motion in Limine**

Plaintiff's Motion in Limine contains many parts. The Court will address each issue separately.

1. **1998 automobile accident.**

    Defendant does not object to this motion, and the Court finds that Defendant may not mention that Plaintiff's 1998 automobile accident, sneezing related injury, and knee injury.  This motion in limine is sustained.

2. **Diabetes.**

    As announced during the hearing, the Court will address this motion when raised by counsel during trial.

3. **Whether Plaintiff is employable.**

    Plaintiff seeks to preclude Defendant from offering evidence whether he is employable.

    Plaintiff contends that he is not employable inasmuch as he has been found to be disabled by the Social Security Administration.  The decision of the Social Security Administration, however, is not binding on the Court.  Petroske v. Kohler Co., __ F.Supp.2d __, 2012 WL 611206 (D.Minn.) (citing Green v. Union Sec. Ins. Co., 646 F.3d 1042, 1053-54 (8th Cir. 2011) (the SSA's determination that plaintiff is disabled for the purposes of receiving SSD benefits is not binding on plan administrator noting that evidence presented to SSA different from the evidence before the plan administrator; Riedl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 759 n.4 (8th Cir. 2001)).

    The record does not establish as a matter of law that Plaintiff is not capable of working at any gainful job.  Plaintiff has offered no affirmative evidence that he is currently unable to work at any gainful occupation for which he is or may become fitted.  On the other hand, Dr. Kevin Kline, a board certified orthopedic surgeon, testified that he performed surgical repair of Plaintiff's two torn tendons in his rotator cuff in 2008 after he injured his shoulder in a slip and fall accident.

(Kline Depo. at 10-11). Dr. Kline opined that he would assume Plaintiff's permanent restrictions to include no overhead use of his arm, a limit on how much he can lift, and a restriction against pushing and pulling. (Id. at 18). Dr. Kline never provided a release for Plaintiff to return to work as a truck driver and opined that Plaintiff is no longer able to drive as a truck driver. (Id. at 19, 30). During his last examination, Dr. Kline found Plaintiff's scapular motion to be normal, no tenderness in his AC joint, and sensations and DTRs to be intact and equal, and Plaintiff not to be in acute distress. (Id. at 36; Exh. 4). Dr. Kline diagnosed Plaintiff with right shoulder pain and prescribed Ultram as treatment. (Exh. 4). Dr. Kline's testimony and treating records never found Plaintiff to be unemployable. The undersigned finds that a fact-finder could reasonably draw certain inferences about Plaintiff's physical ability from the evidence.

Further, another witness, a vocational rehabilitation expert, will provide testimony that Plaintiff is employable, and there are various job opportunities available to Plaintiff.

As noted by Plaintiff, Defendant "must show that [Plaintiff] had an opportunity to mitigate and the reasonable prospective consequences." Ford v. GACS, Inc. 265 F.3d, 670, 679 (8th Cir. 2001) (quoting Bus. Men's Assur. Co. of Am. v. Graham, 891 S.W.2d 438, 448 (Mo. Ct. App. 1994). Defendant must show more than Plaintiff "made no effort to get other employment, but [Defendant] must go further and prove that such employment could have been secured." Id. (quoting Stewart v. Bd. of Educ. of Ritenour Consol. Sch. Dist., R-3, 630 S.W.2d 130, 134 (Mo. Ct. App. 1982) (internal quotations omitted)). If Defendant is able to show Plaintiff's lack of effort to secure work after his injury as well as expert testimony regarding job opportunities open to Plaintiff commensurate with his work experience, Defendant is to submit a failure to mitigate instruction as supported by the evidence presented at trial. Kauzlarich v. Atchison, Topeka, and

Santa Fe Ry. Co, 910 S.W.2d 254, 258 (Mo. 1995).

Accordingly, this motion in limine is denied

**4.  1989 lawsuit.**

Defendant does not object to this motion, and the Court finds that Defendant may not mention that Plaintiff's 1989 lawsuit and his counterclaim for injuries from the 1998 accident. This motion in limine is sustained.

**5.  Bankruptcy.**

Defendant does not object to this motion, and the Court finds that Defendant may not mention that Plaintiff filed for bankruptcy.  This motion in limine is sustained.

**6. Disciplinary citations or remands.**

As announced during the hearing, the Court will allow the introduction of disciplinary citations and reprimands if there is testimony regarding Plaintiff being a good worker.

**7. Collateral sources.**

Defendant does not object to this motion, and the Court finds that Defendant may not mention that Plaintiff received collateral resources including workers compensation, social security benefits, life insurance, and/or health insurance benefits.  This motion in limine is sustained.

**8. Any Medical Condition Other Than Right Shoulder.**

As announced during the hearing, the Court will address this motion when raised by counsel during trial.

**9. Warnings or instructions.**

As announced during the hearing, the Court will address this motion when raised by counsel during trial.

**10. Consumption of alcohol or smoking.**

As announced during the hearing, the Court will address this motion when raised by counsel during trial.

**11. Federal income taxes.**

Defendant does not object to this motion, and the Court finds that Defendant may not mention that any recovery made by Plaintiff is not subject to federal income taxes.  This motion in limine is sustained.

**II.     Defendants' Motion in Limine**

Defendant's Motion in Limine contains many parts.  The Court will address each issue separately.

**1.  Evidence of settlement negotiations.**

Plaintiff does not anticipate offering any evidence of settlement negotiations, and the Court finds that Plaintiff may not reference any settlement negotiations.  This motion in limine is sustained.  If Plaintiff seeks to admit evidence of settlement negotiations, Plaintiff must first give notice to the Court and Defendant outside of the presence of the jury.

**2. Expert witness be precluded from offering new and different opinions.**

The undersigned notes that Dr. Kline is not providing live testimony so that his testimony is limited to his deposition testimony.  Accordingly, this motion in limine is sustained.

**3. Expert opinions from experts not disclosed.**

The Court sustained this motion during the pretrial conference held on August 22, 2012.

**4.  Evidence of liability insurance.**

The Court sustained this motion during the pretrial conference held on August 22, 2012.

**5.  Evidence of indemnity agreement.**

Plaintiff may introduce evidence of an indemnity agreement if the undersigned determines such evidence to be relevant for cross-examination.  This motion in limine is sustained except as specified.

**6.  Evidence of or theory of recovery not pleaded in petition.**

The Court sustained this motion during the pretrial conference held on August 22, 2012.

**7.  Testimony from Plaintiff and lay witnesses regarding expert medical or vocational opinions.**

As announced during the hearing, the Court will address this motion when raised by counsel during trial.

**8.  Sequestering witnesses.**

The parties agreed at the pretrial hearing on June 7, 2012, that the Court should sustain the motion.

**9.  Evidence of other incidents or lawsuits against Defendant.**

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not mention any other incidents or lawsuits against Defendant.  This motion in limine is sustained.

**10.  Evidence of special damages.**

The Court sustained this motion during the pretrial conference held on August 22, 2012.

**11. Evidence of Plaintiff being adjudged disabled by the SSA.**

The Court addressed the use of Plaintiff's SSA disability determination when ruling on Plaintiff's Motion in Limine.

**12. April 7, 2011 report of Dr. Robert Poetz.**

The Court sustained this motion during the pretrial conference held on August 22, 2012 with the exception for cross examination.

**13. Evidence of future pain, future treatment, and/or his unemployability.**

The undersigned reserved ruling on the evidence of future pain and future treatment for trial in order to see how the evidence develops in the trial.  The Court addressed Plaintiff's employability when ruling on Plaintiff's Motion in Limine.

**14. Plaintiff's testimony concerning conversations with his doctors regarding his diagnosis, prognosis, or his ability to work.**

The Court sustained this motion during the pretrial conference held on August 22, 2012 and noting the exception to be any testimony not offered as proof of the matter stated therein.

Accordingly, in accordance with the hearing held before the undersigned on August 22, 2012, the Court issues the following orders:

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine (Docket No. 110) and Defendants' Motion in Limine (Docket No. 117) are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Responses to Plaintiff's Supplemental Request for Production and Plaintiff's Supplemental Interrogatories (Docket No. 98) is **DENIED** inasmuch as Defendant has produced what business records it

obtained from S & H. and any information from S & H witnesses would be protected by work product privilege.

Dated this  24th   day of August, 2012.

                                                /s/ Terry I. Adelman
                                     UNITED STATES MAGISTRATE JUDGE