UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV837 TIA |
| ) | |
| ALDI, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on S & H Transportation's Motion to Intervene (Docket No. 156), and Plaintiff filed a Rule 59 Motion for New Trial on Damages Only or in the Alternative, fo Additur to Alter or Amend Judgment (Docket No. 153). S & H Transportation moves for leave to intervene in the instant action to protect and enforce its statutory workers' compensation lien in the recovery Plaintiff was awarded. Plaintiff opposes the motion. For the following reasons, the motion to intervene will be denied. This Court has jurisdiction pursuant to 28 U.S.C. § 636(c).

**I.  Background**

After a four-day trial, the jury awarded Plaintiff damages in the amount of $457,889.00 on September 7, 2012. On October 5, 2012, Plaintiff filed a Rule 59 Motion for New Trial on Damages Only or in the Alternative, fo Additur to Alter or Amend Judgment. Defendant filed opposition thereto. On October 26, 2012, S & H Transportation filed the Motion to Intervene, and Plaintiff filed a Response in Opposition. On March 5, 2012, Plaintiff filed a Notice of Withdrawal of Motion for New Trial and apprised the Court that the parties had settled. On April 8, 2013, Plaintiff filed an Acknowledgment of Satisfaction of Judgment.

## II.  Standards for Ruling on a Motion to Intervene

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right.  That rule states that on timely motion, the court must permit a non-party to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1) & (2).  To prove the requisite interest, an intervenor must demonstrate a recognized interest in the subject matter of the litigation which might be impaired by the disposition of the case and which will not be adequately protected by the existing parties.  Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996).  This Court interprets Rule 24 liberally and resolves all doubts in favor of the proposed intervenors.  United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831 (8th Cir. 2010) (citation omitted).

Under Fed. R. Civ. P. 24(b)(1)(B), upon timely motion a court may allow permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."  When ruling on a Rule 24(b) motion, the principal consideration is "whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights."  South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). Whether or not to grant a motion for permissive intervention is wholly discretionary.  Id.

The Eighth Circuit requires all prospective intervenors to have Article III standing to litigate their claim in federal court.  Mausolf, 85 F.3d at 1300 ("We conclude that the Constitution requires prospective intervenors have Article III standing to litigate their claims in federal court."); Am. Civil

Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1092 (8th Cir. 2011) (citation omitted) ("When a party opposes a motion to intervene on the basis of standing, the prospective intervenor must allege facts showing the familiar elements of Article III standing."). To demonstrate standing, a party must allege an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent. United States v. St. Louis Metro. Sewer Dist., 569 F.3d 829, 833-34 (8th Cir. 2009). "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative . . . [and] that the injury is certainly impending.'" Id. at 834 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n. 2 (1992)). In addition, a party invoking standing must establish a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. The burden is on the proposed intervenor to establish standing. Id. at 561.

### III.  Discussion

#### A.  Timeliness

Before addressing the requirements under Rule 24, the Court will consider S & H Transportation's arguments that it has timely filed the present motion to intervene. When moving for intervention either as a matter of right or on a permissive basis, the motion must be timely. Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011). The issue of the timeliness of a motion to intervene is a threshold issue. United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831-32 (8th Cir. 2010). To determine timeliness, this Court considers four factors:

> (1) the extent the litigation has progressed at the time of the motion

> to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties.

Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1094 (8th Cir. 2011) (citation omitted).

Plaintiff asserts that S & H Transportation's motion to intervene is untimely inasmuch as S & H Transportation did not file the motion to intervene until after the Court entered judgment. Further, Plaintiff contends that S & H Transportation has no cognizable interest that may be impaired.

The record shows that the motion to intervene was filed after completion of the jury trial and the entry of the jury verdict. See, e.g., Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) (affirming district court's denial of motion to intervene as untimely when movants waited two years and only moved when parties reached settlement agreement); see Minn. Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998) (noting that movants had not sought intervention until the last minute, which delay would result in prejudice to the plaintiffs). S & H Transportation asserts that it waited is seeking intervention, because it only recently learned that Plaintiff's counsel would not "adequately represent" their interest regarding the worker's compensation lien.

Having carefully considered all the circumstances, including in particular the four timeliness factors, the motion to intervene will be denied as untimely. This ruling should not adversely affect the ability of S & H Transportation to attempt to pursue under Mo. Rev. Stat. 287.150.1 and related authority, its interests in the jury award derived from the claims in this lawsuit.

**IT IS HEREBY ORDERED** that S & H Transportation's Motion to Intervene (Docket No. 156) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff filed a Rule 59 Motion for New Trial on Damages Only or in the Alternative, fo Additur to Alter or Amend Judgment is **DENIED AS MOOT** inasmuch as Plaintiff filed a Notice of Withdrawal of Motion for New Trial (Docket No. 160).

                                             /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this   11th   day of April, 2013.